# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | § | |
|---|---|---|
| | § | CASE NO: 20-11512 |
| IN RE: | § | |
| | § | CHAPTER 13 |
| BRENDA L. BOWMAN | § | |
| | § | SECTION A |

## MEMORANDUM OPINION DENYING MOTION FOR SUMMARY JUDGMENT

Before the Court is the *Debtor's Motion For Summary Judgment And Incorporated Memorandum In Support* and a supplemental memorandum with accompanying *Exhibits A - D* (collectively, the "MSJ"), [ECF Docs. 68, 88, & 90–93], filed by Brenda L. Bowman (the "Debtor"); and the *United States of America's Response in Opposition to Brenda Bowman's Motion For Summary Judgment*, including affidavits and exhibits (the "Opposition"), [ECF Doc. 82], as well as a *Notice of Supplemental Authority*, [ECF Doc. 83], both filed by the Internal Revenue Service (the "IRS"). Having considered the pleadings, the competent summary judgment evidence presented, and the applicable legal authority, the Court DENIES Debtor's MSJ for the following reasons.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334 and the Order of Reference of the District Court dated April 22, 2021. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b). The venue of the Debtor's chapter 13 case is proper under 28 U.S.C. § 1408.

As discussed below, the Debtor asks this Court to find that no genuine issues of material fact exists as to whether she is entitled to relief from tax liability as an "innocent spouse" under §

1

6015 of the Internal Revenue Code. Although it is true that "Section 6015(f) does not allow a bankruptcy court to exercise initial subject matter jurisdiction over an innocent spouse defense because only the Secretary [of the IRS] receives the equitable power to grant innocent spouse relief under that Section," here, it is undisputed that the Debtor sought such relief from the Secretary in July 2019 and the Secretary denied the request. *See* MSJ, ¶ 8; [ECF Doc. 82-2, ¶ 7]. Section 6015(e)(1)(A) confers subject-matter jurisdiction upon this Court to determine whether innocent spouse relief should be granted when it is denied by the Secretary. As explained by another court is this Circuit:

> Section 6015(e)(1) states that, in a case where an individual requests equitable relief under Section 6015(f), "[i]n addition to any other remedy by law, the individual may petition the Tax Court to determine the appropriate relief available to the individual under this section . . . ." 26 U.S.C. § 6015(e)(1)(A). It is unambiguous that a Tax Court—and not just the Secretary—may grant relief to an individual. Moreover, the remedy available in the Tax Court is "[i]n addition to any other remedy provided by law." 26 U.S.C. § 6015(e)(1)(A).
>
> 11 U.S.C. § 505 is another "remedy provided by law." Section 505(a)(1) specifically provides bankruptcy courts with remedial power over tax liabilities and penalties . . . . This statutory language provides a bankruptcy court with the power to determine the legality of taxes and tax penalties.

*Pendergraft v. I.R.S. (In re Pendergraft)*, Adv. No. 16-3246, 2017 WL 1091935, at *3–4 (Bankr. S.D. Tex. Mar. 22, 2017) (citing cases in support of that finding). Here, the determination of the Debtor's tax liability directly affects the administration of her bankruptcy estate. Indeed, the IRS has filed a proof of claim against the estate and has not raised an objection to this Court's jurisdiction to rule on the Debtor's status as an innocent spouse.

## BACKGROUND

The Debtor filed a petition for bankruptcy relief under chapter 13 of the Bankruptcy Code on August 27, 2020 (the "Petition"). [ECF Doc. 1]. On September 16, 2020, the IRS timely filed a proof of claim asserting a secured claim in the amount of $96,759.00, a priority unsecured claim

2

in the amount of $2,097.38, and a general unsecured general claim of $525,321.64. *See* Proof of Claim 4-1. On September 29, 2020, the IRS filed a *Motion To Dismiss Case Due to Debtor's Ineligibility and Bad Faith* (the "Motion To Dismiss"). [ECF Doc. 30]. In the Motion To Dismiss, the IRS moved to dismiss the Debtor's Petition on the grounds that the Debtor's noncontingent, liquidated, unsecured debts exceed the statutory jurisdictional limit to qualify for chapter 13 bankruptcy relief. *Id*. ¶¶ 5–7. Additionally, the IRS accused the Debtor of filing her bankruptcy petition in bad faith due to omissions and misrepresentations in the schedules filed in support of the bankruptcy petition. *Id*. ¶¶ 8–15. The Debtor filed a response to the Motion To Dismiss on October 13, 2020, asserting that her liabilities do not exceed the statutory debt limit for chapter 13 relief because she qualifies for relief from penalties resulting from underpayment of taxes under the "innocent spouse rule," codified at § 6015 of the Internal Revenue Code. [ECF Doc. 36]. And on December 2, 2020, the Debtor objected to the Proof of Claim filed by the IRS on the same grounds (the "Claim Objection"). [ECF Doc. 48]. On January 26, 2021, the Debtor filed the instant MSJ in the context of the contested matter initiated by the filing of the Claim Objection, requesting judgment as a matter of law that she qualifies as an innocent spouse pursuant to § 6015 of the Internal Revenue Code. Currently, an evidentiary hearing is scheduled to be held on July 30, 2021, to resolve the IRS's Motion To Dismiss and the Debtor's Claim Objection.

## DISCUSSION

### A. Burden of Proof

In a bankruptcy case, a proof of claim filed in accordance with Bankruptcy Rule 3001 is "prima facie evidence of the validity and amount of the claim." *See* FED. R. BANKR. P. 3001(f). That prima facie validity may be rebutted by the objecting party providing evidence "of a probative force equal to that of the creditor's proof of claim." *Simmons v. Savell (In re Simmons)*, 765 F.2d

547, 552 (5th Cir. 1985). Because "bankruptcy does not alter the burden imposed by the substantive law," once an objecting party produces evidence rebutting a proof of claim, the burden lies at that point with whichever party it would normally, according to the applicable substantive law. *See In re Wyly*, 552 B.R. 338, 375 (Bankr. N.D. Tex. 2016) (quoting *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 17 (2000)).

In her Claim Objection, the Debtor does not challenge the fact that the IRS filed its proof of claim in accordance with Bankruptcy Rule 3001, and indeed, it appears that the IRS has complied with relevant requirements of that rule. Therefore, the IRS proof of claim is entitled to prima facie validity. The Debtor, as the taxpayer, bears the burden of proving that she has met all the prerequisites for innocent spouse relief. *See Cheshire v. Comm'r*, 282 F.3d 326, 332 (5th Cir. 2002) (citation omitted); *see also In re French*, 242 B.R. 369, 377 (Bankr. N.D. Ohio 1999) (citation omitted).

### B. Summary Judgment Standard

In the context of deciding a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[1] "A party seeking summary judgment must demonstrate the absence of a genuine dispute of material fact by establishing the absence of evidence supporting an essential element of the non-movant's case." *Northshore Offshore Grp., LLC v. A&B Valve & Piping Sys., LLC (In re Northshore Offshore*

---

[1] A claim objection proceeding is a contested matter governed by Bankruptcy Rule 9014. *See* FED. R. BANKR. P. 3007 (advisory comm. notes). Therefore, the Debtor's MSJ filed pursuant to Rule 56(a) and Federal Rule of Bankruptcy Procedure 7056 is properly before the Court. *See* FED. R. BANKR. P. 9014(c); *Sharffenberger v. Kirkland (In re Allegheny Health, Educ. & Research Found.)*, 321 B.R. 776, 783 n.1 (Bankr. W.D. Pa. 2005).

*Grp., LLC)*, Adv. No. 17-3406, 2018 WL 5880949, at *2 (Bankr. S.D. Tex. Nov. 5, 2018) (citing *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009).

In deciding a motion for summary judgment, "the judge's function is not [herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In so doing, the Court views the facts and evidence in the light most favorable to the non-moving party at all times. *See Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). A party asserting that a fact cannot be or is genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the presence or absence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. *See* FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). If a party fails to properly support or refute an assertion of fact, the Court may consider the fact undisputed for purposes of resolving a summary judgment motion. *See* FED. R. CIV. P. 56(e).

C. **The Innocent Spouse Doctrine**

"[A]s a general rule, when married persons file a joint income tax return they become jointly and severally liable for the tax due with respect to that return." *In re Wyly*, 552 B.R. 338, 464 (Bankr. N.D. Tex. 2016). But "Congress concluded that under certain circumstances, such liability could be unfair." *Id.* Under § 6015(f) of the Internal Revenue Code, a spouse may obtain relief from tax liability if she can establish that under "all the facts and circumstances, it is inequitable to hold [her] liable for any unpaid tax." *Haggerty v. Comm'r*, 505 F. App'x 335, 337 (5th Cir. 2013) (quoting 26 U.S.C. § 6015(f)). "The Commissioner has issued revenue procedures to guide courts in determining whether a requesting spouse is entitled to relief from joint and

several liability." *Id*. Revenue Procedure 2013-34 provides guidance here regarding whether the Debtor is entitled to equitable relief under § 6015(f) and lists seven general conditions for relief. *See* Rev. Proc. 2013-34, 2013-43 I.R.B. 397, § 4. Those conditions include:

(1) The requesting spouse filed a joint return for the taxable year for which she seeks relief;

(2) Relief is not available to the requesting spouse under §§ 6015(b) or (c);[2]

(3) The claim for relief is timely;

(4) No assets were transferred between the spouses as part of a fraudulent scheme by the spouses;

(5) The non-requesting spouse did not transfer "disqualified assets" to the requesting spouse as that term is defined in § 6015(c)(4)(B);[3]

(6) The requesting spouse did not knowingly participate in the filing of a fraudulent joint return; and

(7) The income tax liability from which the requesting spouse seeks relief is attributable in full or in part to an item of the non-requesting spouse or an underpayment resulting from the non-requesting spouse's income and only to the extent the liability is attributable to the non-requesting spouse.[4]

---

[2] Section 6015(f) "provides a kind of wildcard provision for spouses who do not qualify for relief under §§ 6015(b) or (c)." *In re Wyly*, 526 B.R. 338, 389 (Bankr. N.D. Tex. 2016). The IRS acknowledges that the Debtor is ineligible for relief under §§ 6015(b) or (c). [ECF Doc. 82, n.3].

[3] Revenue Procedure 2013-34 provides, however, that, even if disqualified assets were transferred, the requesting spouse may nevertheless be eligible for relief if the non-requesting spouse abused the requesting spouse or maintained control over the household finances by restricting the requesting spouse's access to financial information or if the requesting spouse did not have actual knowledge that disqualified assets were transferred.

[4] Even if the understatement or underpayment of tax liability is attributable in full or in part to the requesting spouse, Revenue Procedure 2013-34 allows a grant of relief if any of the following exceptions apply: (a) the attribution is due solely to the operation of community property law; (b) the presumption that the requesting spouse owns the item because the item is titled in the name of the requesting spouse is rebutted; (c) the non-requesting spouse misappropriated funds intended for the payment of the tax for the non-requesting spouse's benefit; (d) the requesting spouse establishes the he or she was the victim of abuse before the return was filed and that, because of that abuse, he or she was not able to challenge the treatment of any items on the return or question the payment of any balance due under the return for fear of retaliation; or (e) the requesting spouse can show that the item giving rise to the understatement or deficiency is attributable to the non-requesting spouse's fraud.

*Id*. § 4.01. If those threshold conditions identified in § 4.01 are met, the Court could elect to "streamline" its determinations pursuant to factors identified in § 4.02, including whether (a) the requesting spouse is still married to the non-requesting spouse, (b) whether the requesting spouse would suffer economic hardship if relief were not granted, and (c) whether the requesting spouse knew or had reason to know that there was an understatement or deficiency on the joint income tax return or did not know or have reason to know that it would not be paid. *Id*. § 4.02. The fact that a requesting spouse does not qualify for streamlined consideration, however, does not affect his or her ability to be granted innocent spouse relief. *Id.* Ultimately, if the threshold factors in § 4.01 are met, the determination for granting equitable relief is made according to an analysis of a non-exclusive list of factors enumerated in § 4.03:

(1) the marital status of the spouses;

(2) whether the requesting spouse will suffer economic hardship by paying the tax liability in whole or in part, such that he or she would be unable to continue to pay reasonable basic living expenses;

(3) whether the requesting spouse knew or had reason to know that there was an understatement or deficiency on the joint income tax return or did not know or have reason to know that it would not be paid;

(4) the legal obligation of either spouse to pay the outstanding tax liability;

(5) whether the requesting spouse significantly benefited from the unpaid income tax liability or understatement;

(6) whether the requesting spouse has made a good-faith effort to comply with the income tax laws following the years for which he or she requests innocent spouse relief; and

(7) the mental or physical health of the requesting spouse.

*Id*. § 4.03.

### D. Genuine Issues of Material Fact Exist as to Whether the Debtor Is Entitled to Summary Judgment on Her Status as an Innocent Spouse.

The Debtor asserts that she has satisfied her burden to demonstrate that no genuine issue of material fact exists regarding her qualification as an innocent spouse under § 6015(f) of the Internal Revenue Code. In support of her MSJ, the Debtor submitted no affidavits or declarations made under penalty of perjury, but attached a copy of her husband's Certificate of Death, a letter purportedly from her family physician addressing the Debtor's mental health condition, a copy of her Request for Innocent Spouse Relief submitted to the IRS, a copy of Revenue Procedure 2013-34, and a schedule purported to be generated by the IRS listing tax liability amounts which would have been due by the Debtor if the liability had been based solely on her income for the years 2009 to 2013. *See* MSJ, Exs. A–E. The IRS relies in large part on sworn documents filed by the Debtor in her bankruptcy case, as well as the Debtor's filed tax returns and her deposition testimony taken in connection with this contested matter, to refute the Debtor's MSJ and assert that, at best, genuine issues of material fact exist as to whether the Debtor qualifies for equitable relief under § 6015(f). [ECF Doc. 82-1].

The Court agrees with the IRS and finds that insufficient evidence has been presented to determine whether the Debtor, as a matter of law, qualifies for equitable relief under § 6015(f). The Court cannot conclude that the Debtor has met her burden of establishing each of the threshold elements expounded in § 4.01 of Revenue Procedure 2013-34, including, but not limited to, the seventh requisite regarding whether income tax liability from which the requesting spouse seeks relief is attributable in full or in part to an item of the non-requesting spouse or an underpayment resulting from the non-requesting spouse's income. The Court finds that genuine issues of material fact exist as to whether the Debtor can satisfy the threshold requirements for § 6015(f) relief, as

8

well as the substantive factors enumerated in § 4.03 of Revenue Procedure 2013-34 that are required for an award of equitable relief.

Accordingly,

**IT IS ORDERED** that the Debtor's Motion for Summary Judgment is **DENIED.**

New Orleans, Louisiana, July 12, 2021.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE